UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FRICO JEAN | DOCKET NO. 6:25-cv-0970 |
| A209-867-571 | SECTION P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| BRIAN PATTERSON, ET AL | MAGISTRATE JUDGE DAVID J. AY0 |

## ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Frico Jean. (Rec. Doc. 1). Jean is currently being held at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. He alleges that he is a Haitian national who holds Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a(d)(4). (*Id.* at p. 1). The TPS statute provides that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

A review of the petition and attachments suggests that Jean's claims should survive this court's initial review. Jean asks the Court to issue an cause order under 28 U.S.C. § 2243 directing Respondents to show cause within three days as to why his habeas petition should not be granted. Section 2243 provides, in relevant part:

> A court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

-1-

While the statute refers to three days, courts in this district have found that the strict time limits in § 2243 "are subordinate to the district court's authority to set deadlines under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts." *Olya v. Garite*, 2025 WL 890180, at *1 (W.D. Tex. Mar. 19, 2025) (citing cases). Instead, courts have found a 14-day deadline for respondents to respond to show cause orders to be reasonable. *See id.*; *Laguna v. Lyons*, No. 1:25-cv-558 (W.D. Tex. April 17, 2025); *Doe v. Garite*, No. 3:25-cv-00046 (W.D. Tex. Feb. 21, 2025).

The Court agrees with Jean that a show cause order is necessary here. However, in order to give Respondents adequate time to brief the issues, the Court exercises its discretion to extend the response deadline to 14 days.

Accordingly, in order for the court to determine an appropriate resolution to his claims,

**THE CLERK IS DIRECTED** to serve a copy of the petition (Rec. Doc. 1), a copy of the Motion for Order to Show Cause (Rec. Doc. 4), and a copy of this order by certified mail on the United States through the United States Attorney for the Western District of Louisiana, U.S. Immigration and Customs Enforcement (DHS/ICE)-Office of General Counsel, the United States through the United States Attorney General, and the warden of the Pine Prairie ICE Processing Center at Pine Prairie, Louisiana.

Respondents are **ORDERED** to respond within **fourteen (14)** days of service. If the Respondents do not contest the contentions set forth in the petition, it should inform the Court and provide the relief sought.

**After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.**

-3-

Jean's failure to comply with this order or to notify the court of any change in his address will result in a recommendation that his petition be dismissed without prejudice under LR 41.3.

THUS DONE AND SIGNED in chambers this 11th day of July, 2025.

_____
David J. Ayo
United States Magistrate Judge