# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **FRICO JEAN** | **CASE NO.  6:25-CV-00970 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRYAN PATTERSON ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 7) wherein Petitioner, Frico Jean, through counsel moves to (1) restrain Respondents from removing or deporting the Petitioner from the United States, and (2) restrain Respondents from transferring Petitioner from the State of Louisiana, unless it is in furtherance of his release from ICE detention to his residence in Illinois. Petitioner also requests that the Court not require security.

## BACKGROUND

Petitioner is a native and citizen of Haiti; he lived in Chicago when he was arrested and placed in ICE custody on June 18, 2025.[1] On October 30, 2018, an Immigration Judge issued a final removal order.[2] Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals (the "Board"); that appeal was dismissed on March 10, 2021.[3]

---
[1] Petition, ¶ ¶ 24 and 27.
[2] *Id.* ¶ 28.
[3] *Id* ¶ 29.

On March 28, 2023, USCIS granted Petitioner Temporary Protected Status ("TPS") that was valid from March 28, 2023, to August 3, 2024.[4] On July 1, 2024, the Secretary of Homeland Security extended and redesignated Haiti for TPS, providing that those already holding TPS status could apply to renew their status within 60 days of August 4, 2024. The extended designation would last for 18 months, until February 3, 2026. 89 Fed Reg. 54484 (July 1, 2024). Petitioner submitted his re-registration and on August 11, 2024 and USCIS issued a Notice of Receipt of Petitioner's re-registration of his TPS.[5] According to the Petition for Writ of Habeas Corpus, Petitioner's TPS expired on August 3, 2024, and has been extended with each USCIS's extension and redesignation thereafter, due to his timely re-registration. See 90 Fed. Reg. 28764 (July 1, 202); 8 C.F.R. § 244.17.

On June 27, 2025, the DHS announced that the TPS for Haitian Nationals would terminate on September 2, 2025.[6] Petitioner initially filed a Petition for Writ of Habeas Corpus on July 8, 2025,[7] and a Motion for Order to Show Cause on July 10, 2025.[8] After ordering service of the Petition on the parties, the Magistrate Judge ordered the Respondent to file a brief as to the Petition within 14 days of service.[9] On July 15, 2025, Petitioner filed the instant Motion for Temporary Restraining Order.[10]

---

[4] Petitioner's exhibit 3.
[5] Petitioner's exhibit 4. With each USCIS's extension and redesignation, the Department of Homeland Security ("DHS") "automatically extends the validity of certain EADs previously issued under the TPS designation of Haiti through September 2, 2025." 90 Fed. Reg. 28764 (Jul. 1, 2025)
[6] Petitioner's exhibit 5.
[7] Doc. 1.
[8] Doc. 4.
[9] Doc. 5.
[10] Doc. 7.

## **LAW AND ANALYSIS**

On January 26, 2023, the United States Citizenship and Immigration Services ("USCIS") published on the Federal Register its "Extension and Redesignation for Haiti for Temporary Protected Status." See 88 Fed. Reg. 5022 (Jan. 26, 2023).[11] Temporary Protected Status ("TPS") establishes a temporary safe haven in the U.S. for nationals of a foreign state (or if stateless if person habitually resided in the foreign state) if the Attorney General, after consultation with appropriate government agencies, determines with respect to that foreign state that: (1) there is an ongoing armed conflict within the state (or a part of the state) posing a serious threat to the personal safety of the country's nationals if returned there (8 U.S.C. § 1254a(b)(1)(A)); *or* (2) there has been an earthquake, flood, drought, epidemic, or other environmental disaster resulting in a substantial but temporary disruption of living conditions in the area affected; the foreign state is unable temporarily to handle the return of its nationals and the foreign state has affirmatively requested designation, 8 U.S.C. § 1254a(b)(1)(B); *or* (3) there exist extraordinary and temporary conditions in the foreign state preventing its nationals from returning safely, unless the Attorney General determines that it is contrary to national interest to allow those noncitizens to remain temporarily. 8 U.S.C. § 1254a(b)(1)(C).

Petitioner maintains that he does not fall under any grounds for mandatory detention under 8 U.S.C. § 1226(c)(1). He also contends that he is protected from detention and

---

[11] *Id.* ¶ 31.

deportation because he has an unexpired TPS, at least until February 2, 2026, or at the earliest, September 2, 2025.

On July 16, 2025, the Court held a telephone conference with Petitioner's counsel and the Government to discuss the Emergency Temporary Restraining Order. The Government informed the Court that Petitioner had already been removed from Louisiana via an airplane. The Government contacted ICE and requested that Petitioner be returned to Louisiana. As a result of the Government's contact with ICE, the agency agreed to immediately return Petitioner. Accordingly,

**IT IS ORDERED** that the Emergency Temporary Restraining Order be **GRANTED** to the extent that Petitioner is not to be removed from Louisiana until further order of this Court but is to be detained pending resolution of Petitioner's Writ of Habeas Corpus that is currently pending before this Court.

**IT IS FURTHER ORDERED** that the Government provide the Court with an update of the status of Petitioner no later than July 17, 2025.

**THUS DONE AND SIGNED** in Chambers on this 16th day of July, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**