UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **FRICO JEAN** | **CASE NO. 6:25-CV-00970 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRYAN PATTERSON ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the Court is "Petitioner's Emergency Motion to Hold ICE in Contempt of Court" (Doc. 23) for sanctions against Immigration & Customs enforcement ("ICE") filed by Petitioner, Frico Jean, by and through his attorneys.

## BACKGROUND

On July 16, 2025, this Court issued a temporary restraining order, restraining ICE from removing Jean, an illegal alien, from the state of Louisiana.[1] Counsel for Jean learned from family members that subsequent to this Court's order, ICE removed Jean to his homeland, Haiti, pursuant to a previously issued removal order. Counsel for Jean moves for an order that holds ICE in contempt of this Court, including sanctions, the return of Jean to Louisiana, and to release Jean from ICE custody for failing to follow the orders of the Court.

## LAW AND ANALYSIS

---

[1] Doc. 11.

In response to Petitioner's Motion for Contempt, the Government informs the Court that Jean's removal was an inadvertent administrative error and not a deliberate effort to subvert the orders this Court.

To support a contempt finding, the record must show by clear and convincing evidence that: (1) a court order was in effect, (2) the order required certain conduct by a party, and (3) the party failed to comply with the court's order. *In re United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019). While courts have the inherent power to punish for contempt, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

The Court has reviewed the errors made and after careful consideration, find that Jean's deportation after this Court ordered that he not be removed was not intentional. The Government further informs the Court that the appropriate agencies are working with Jean's counsel to facilitate his return upon Haiti's issuance of a valid travel document. Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion to Hold Ice in Contempt of Court (Doc. 23) does not warrant the sanctions requested and is therefore **DENIED.**

**THUS DONE AND SIGNED** on this 16th day of September, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE